25CA0891 Marriage of Lind 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0891
Park County District Court No. 23DR30013
Honorable Amanda Hunter, Judge

---

In re the Marriage of

Raven Shea Lind,

Appellee,

and

Jonathan James Lind,

Appellant.

---

APPEAL DISMISSED IN PART
AND JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE SULLIVAN
Pawar and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

Raven Shea Lind, Pro Se

Jonathan James Lind, Pro Se

¶ 1    In this dissolution of marriage case, Jonathan James Lind (husband), appeals portions of the district court's permanent orders and an order denying enforcement of the parties' memorandum of understanding (MOU).  We dismiss part of husband's appeal as moot but otherwise affirm.

## I.    Background

¶ 2    Husband married Raven Shea Lind (wife) in 2015.  Wife petitioned for dissolution in February 2023.  In June 2023, the parties attended mediation and executed the MOU.  The MOU specified, among other things, that wife would enjoy exclusive use of the marital home until August 15, 2023.

¶ 3    On August 15, 2023, wife filed an emergency motion requesting that the court issue an order permitting her to continue occupying the home for four more weeks.  Although wife's motion referenced the MOU as "Exhibit 1," she didn't attach the MOU.  Husband opposed wife's request.  The court denied wife's request for four additional weeks but permitted her to remain while husband completed repairs and prepared to sell the home.  Despite the court's September 2023 order denying wife's request, wife didn't vacate the home until November 2023.

¶ 4        Eleven months after wife vacated the home, on October 1, 2024, wife filed the MOU with the court. The next day, the court approved it, making it an order of the court.

¶ 5        In February 2025, husband filed a motion to compel, requesting that the court "[a]cknowledge and address the failure to enforce the MOU." He argued that "[s]ince the MOU was written and signed, it should have been enforced by the court."

¶ 6        On March 12, 2025, the court issued an order denying husband's motion to compel, reasoning that "there is no relief to be provided." On the same day, the court issued permanent orders.

## II.    Discussion

¶ 7        As we understand his argument, husband contends that the district court erred by not enforcing the MOU's move-out date and by issuing inconsistent orders. Specifically, he argues that the permanent orders and the order denying his motion to compel are irreconcilable because the permanent orders described the MOU as an "[o]rder of the [c]ourt," but the order denying his motion to compel said that the MOU was "never uploaded" and "never formally approved."

¶ 8     We conclude that (1) the dispute husband raises regarding enforcement of the MOU's move-out date is moot and (2) husband hasn't shown he is entitled to any other form of relief.

## A.     Preservation

¶ 9     As a threshold issue, wife contends that husband either waived or failed to preserve his argument about enforcing the MOU by not raising it for seventeen months.  Husband argues that he preserved or attempted to preserve his argument at a May 2024 hearing concerning his attorney's motion to withdraw.[1]  We need not decide whether husband waived or preserved his argument because, even assuming without deciding that the argument is properly before us, we discern no basis to reverse.  *See People In Interest of A.N-B*, 2019 COA 46, ¶ 27.

## B.     Enforcement of the MOU's Move-Out Date Is Moot

¶ 10     We review de novo whether an issue is moot.  *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 49.

---

[1] To the extent husband argues that the district court violated his due process rights at the May 2024 hearing, he doesn't develop the argument, so we decline to address it.  *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44, *aff'd*, 2021 CO 56.

An issue is moot when the relief requested, if granted, would have no practical effect on an existing controversy. *See In re Marriage of Thomas*, 2021 COA 123, ¶ 21. We lack jurisdiction to consider a moot appeal. *Trudgian v. LM Gen. Ins. Co.*, 2024 COA 87, ¶ 36.

¶ 11 Wife moved out of the marital home in November 2023. Therefore, an order enforcing the MOU's move-out date and compelling her to vacate the home would have no practical effect on the controversy between husband and wife. *See Thomas*, ¶ 21. Accordingly, we dismiss as moot the portion of husband's appeal seeking enforcement of the MOU's move-out date.

### C. Husband Hasn't Shown Entitlement to Other Relief

¶ 12 Even putting mootness aside, husband argues that we should reverse the district court's "irreconcilable" orders and remand the case with instructions that the court award him a "reallocation of costs and equity" to remedy wife's delay in vacating the home. We conclude that the court's orders aren't irreconcilable and that, in any event, husband hasn't shown prejudice entitling him to relief.

¶ 13 In husband's motion to compel, he argued that the district court had erred by failing to strictly enforce the MOU's move-out date. The court denied his motion, explaining that the MOU was

4

"never uploaded" and "never formally approved." That explanation accurately reflected the state of the record in September 2023, when the court ruled on wife's emergency motion. Indeed, neither party filed, and the court didn't approve, the MOU until a year later. Given this timing, the court's explanation wasn't irreconcilable with its statement in the permanent orders that the MOU "was made an [o]rder of the [c]ourt on October 2, 2024."

¶ 14    Finally, even if we assumed without deciding that the district court erred by not enforcing the MOU's move-out provision, husband hasn't shown how the court's decision prejudiced him. *See* C.R.C.P. 61 (we must disregard any error that doesn't affect a party's substantial rights); C.A.R. 35(c) (same). While husband contends that the home depreciated in value while wife remained past the MOU's deadline, he hasn't provided us with a transcript or other record showing that he raised this argument in the district court. *See Clements v. Davies*, 217 P.3d 912, 916 (Colo. App. 2009) (the appellant is responsible for providing an adequate record to demonstrate the claims of error). In the absence of such a record, we must presume that the evidence supports the district court's judgment. *See Egelhoff v. Taylor*, 2013 COA 137, ¶ 13.

5

¶ 15    Accordingly, because the district court didn't issue irreconcilable orders and husband hasn't shown prejudice to his substantial rights, we perceive no basis to reverse.

## III.    Disposition

¶ 16    We dismiss as moot the portion of husband's appeal seeking enforcement of the MOU's move-out date.  In all other respects, we affirm the judgment.

JUDGE PAWAR and JUDGE MEIRINK concur.